**Francis G. Fanning**
**Attorney at Law**
**500 E. Southern Avenue, Suite B**
**Tempe, Arizona 85282**
**(480) 731-9142**
**State Bar No. 5419**
**Attorney for Plaintiff**

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **Innocent Ruwigema,** | |
| **Plaintiff,** | **No.** |
| **v.** | **Civil Complaint** |
| **The Cedar Sanctuary, LLC.,**<br>**Shella Michel,** | **JURY TRIAL DEMANDED** |
| **Defendants.** | |

The Plaintiff, by and through his attorney, alleges for his complaint:

**Jurisdiction & Venue**

**I.**

This Court has jurisdiction over count one of Plaintiff's complaint by U.S.C. §1331, the federal question at issue arising from the application of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.  This court has jurisdiction over counts two and three by virtue of 28 U.S.C. § 1367, that claim arising out of the same case or controversy.

**II.**

Venue in the District of Arizona, Phoenix Division, is appropriate because the

Plaintiff resides in Maricopa County, Arizona, the Defendants conduct business in Maricopa County, Arizona, and the operative facts giving rise to this cause of action occurred in Maricopa County, Arizona.

**Facts Giving Rise To Complaint**

**III.**

Plaintiff Innocent Ruwigema (hereafter "Ruwigema") was employed by Defendant The Cedar Sanctuary, LLC (hereafter "Cedar") for more than 24 weeks.

**IV.**

Defendant Cedar is a corporation doing business in Maricopa County, Arizona.

**V.**

Defendant Shella Michel (hereafter "Michel") is the owner and an officer of Cedar and was at all times the person ultimately responsible for determining the rate and method of Ruwigema's payment of wages, and to seeing that he was paid appropriately.

**VI.**

Between October 28, 2009 and April 10, 2010, Ruwigema was employed by Defendants as a care giver**.**  During that time it was agreed that he would be paid $775.00 semi-monthly.

**VII.**

Ruwigema's responsibilities required him to work 12 hours per day, 5 days a week for 60 or more hours per week. Although he was paid $775.00 per semi-monthly pay

Ruwigema v.Cedar Sanctuary, et al
Civil Complaint- Page 2

period in accordance with his agreement, his effective hourly rate of pay was less than minimum wage for the hours per week he actually worked, and Defendants never paid him overtime for any hours worked beyond a 40 hour work week.

**Count One – Violation of FLSA**

**VIII.**

As an hourly employee, Ruwigema was covered by the provisions of the Fair Labor Standards Act, which required his employer to pay him a minimum wage of $7.25 per hour for hours actually worked and to pay him one and one half times his regular rate of pay for hours worked in excess of forty in a given week.

**IX.**

Ruwigema, through his attorney, made demand upon the Defendants for the amounts of minimum wage and overtime pay he claimed were due.  A true copy of that demand is attached as an exhibit to this Complaint and incorporated by reference.  The Defendants failed and refused to pay Ruwigema minimum wage as required by the Fair Labor Standards Act as well as refused to pay him one and one half times his regular hourly rate for hours in excess of forty hours per week.

**X.**

The Defendants knew that they were required by law to pay minimum wage and to pay overtime.  Defendants wilfully violated the requirements of the FLSA, entitling Ruwigema to recover liquidated damages as provided by 29 U.S.C. §216(b) in an amount

equal to the unpaid minimum wage and overtime.

**XI.**

Ruwigema is entitled to recover his reasonable attorney fees and costs incurred in bringing this action as authorized by 29 U.S.C. §216(b).

**Count Two – Claim for Unpaid Wages**

**XII.**

Ruwigema reincorporates by reference the forgoing allegations.

**XIII.**

Ruwigema alleges further that Cedar, as Ruwigema's employer, violated the provisions of the A.R.S. §23-351 by failing to timely pay the wages due him.  Ruwigema is thereby entitled under the law of Arizona, in particular A.R.S. §23-355, to recover three times the amount of unpaid wages as shall be proven at trial.

**XIV.**

Ruwigema is entitled to recover his reasonable attorney fees and costs as authorized by A.R.S. §12-341.01.

**Count Three – Claim for Unpaid Arizona Minimum Wage**

**XV.**

Ruwigema reincorporates by reference the forgoing allegations.

**XVI.**

Ruwigema alleges further that Cedar and Michel, as Ruwigema's employer,

violated the provisions of A.R.S. §23-363 by failing to pay him minimum wage as established in the foregoing statute.

### XVII.

Cedar and Michel, as Ruwigema's employer, are liable to Ruwigema for the balance of the minimum wages owed, including interest thereon, and an additional amount equal to twice the underpaid wages as set forth in A.R.S. §23-364G.

### XVIII.

Ruwigema is entitled to recover his reasonable attorney fees and costs as authorized by A.R.S. §12-341.01.

### Prayer For Relief

Wherefore, Ruwigema prays for judgment:

1. Awarding unpaid minimum wage and unpaid overtime against both Defendants in the amount that shall be proven at trial to have resulted from the Defendants' violation of the Fair Labor Standards Act, together with prejudgment interest thereon from the dates each payment became due;

2. Awarding an equivalent amount against both Defendants as liquidated damages;

3. Awarding treble damages against Defendants in the amount that shall be proven at trial to constitute three times the amount of unpaid minimum wages due Ruwigema, together with prejudgment interest thereon from the date each payment

became due;

        4.      Awarding Ruwigema his reasonable attorney's fees and costs;

        5.      Awarding such other and further relief as the court deems just and proper.

DATED this 26th day of October, 2011.

S/ Francis G. Fanning
FRANCIS G. FANNING
500 East Southern Avenue, Suite B
Tempe, Arizona  85282
(480) 731-9142
State Bar Number 5419
Attorney for Plaintiff
